IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TAMMY M. BLAKE, et al.

      Plaintiff,

v.                                                   Civil Action No. 3:12-cv-2

TABOO GENTLEMEN'S CLUB, LLC, et al.,

      Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL

This matter comes before the Court on the Defendants' *Motion to Compel Discovery,* filed on August 15, 2012.[1] On September 4, 2012, Plaintiff filed a response in opposition to the motion.[2] The Court held an evidentiary hearing and argument on Defendants' Motion on September 10, 2012. Plaintiff appeared by counsel Garry G. Geffert, Esq. and Gregg C. Greenberg, Esq. Defendants appeared by counsel David A. Camilletti, Esq. and Matthew J. Hoffer, Esq. All counsel appeared by telephone. No testimony was taken, nor was any other evidence adduced. At the close of the hearing, the Court advised that the attorneys have misunderstood the telephonic courtesy extended by the Court, and that for all future hearings held before the undersigned the attorneys of record shall be present in the courtroom.

## I. INTRODUCTION

*A. Background*

On November 1, 2011, Plaintiff Tammy Blake, an exotic dancer at Taboo Gentlemen's Club,

---

[1] Dkt. No. 29.

[2] Dkt. No. 38.

filed suit on behalf of herself and all others similarly situated against Defendants to recover damages under the Fair Labor Standards Act and the West Virginia Wage Payment and Collection Act. Plaintiff seeks to recover unpaid minimum wages, liquidated damages in an equal amount to return them to a minimal standard of living, and attorney's fees and costs. As part of its discovery, Defendant propounded written requests upon Plaintiffs. In their responses to the document requests and answers to the interrogatories, Plaintiff raised certain objections, leading Defendants to subsequently file a motion to compel. Because of this discovery dispute, the matter has come before the Court.

*B. The Motion*

Defendant's Motion to Compel Discovery

*C. Decision*

Defendant's Motion to Compel Production is DENIED because the requested tax information can be obtained through other methods of discovery, and because the other requested financial information is not likely to lead to the discovery of admissible evidence.

## II. DISCUSSION

As a threshold matter, the Court notes the striking similarity of this case to two other cases pending before the Northern District of West Virginia, and before the undersigned, in particular. In those cases, *Nesselrodte v. Divas, LLC*, No. 3:11-cv-95, and *Nesselrodte v. Underground Casino, LLC*, No. 3:11-cv-92, the Defendant establishments are accused by a former dancer of the same charges represented in the instant case. Moreover, the Defendant establishments in those cases are represented by the same counsel. Of particular importance to the instant motion, counsel for

Defendants submitted identical motions in those cases to compel the same information sought here.[3] On June 7, 2012, this Court denied those motions because the tax information sought could be obtained through other methods of discovery, and the other requested financial information was not likely to lead to discoverable evidence. This Court finds no reason to depart from the orders it entered only three months ago, and finds those orders dispositive of the instant motion.

### III. DECISION

This Court has recently denied motions identical in wording and nature as the instant one in nearly identical cases–save the parties' names. Thus, the Court **DENIES** the instant motion in accordance with those orders.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**

DATED: September 25, 2012            /s/ *James E. Seibert*
                                     JAMES E. SEIBERT
                                     UNITED STATES MAGISTRATE JUDGE

---

[3] Dkt Nos. 32 & 31, respectively.